UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELKUAN SCOTT,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:17-CV-01317 (JAM)

**ORDER DENYING MOTION FOR
POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255**

On March 21, 2016, this Court sentenced Melkuan Scott principally to a term of 13 years of imprisonment following his plea of guilty to a charge of conspiring to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and to a charge of felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). Scott was the leader of the "West Hell" drug trafficking organization Hartford, Connecticut. His conviction and sentence were affirmed on appeal. *See United States v. Scott*, 684 Fed. App'x. 20 (2d Cir. 2017).

Scott has now filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. A prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if his "sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The prisoner who files a § 2255 motion bears the burden of proving, by a preponderance of the evidence, that he is entitled to post-conviction relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995). Moreover, a prisoner is not entitled to a hearing on a § 2255 motion if the record conclusively shows that he is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011).

1

Scott's motion includes three claims that his trial counsel was ineffective in his representation of Scott at sentencing. A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687–88. As to the showing of deficient performance, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Id.* at 689. As to the showing of prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

First, Scott argues that his counsel was ineffective by failing to object when the Government allegedly breached the plea agreement by seeking a sentence in excess of 10 years of imprisonment. *See* Doc. #1 at 4. This claim clearly lacks merit for all the reasons well-stated by the Government in its opposition to Scott's motion. *See* Doc. #4 at 16-17. Because the record conclusively shows that the Government never in fact agreed to recommend a sentence of 10 years of imprisonment, Scott's counsel was not ineffective by failing to object to the Government's position at sentencing.

Second, Scott argues that his counsel was ineffective by failing to challenge the information adduced by the Government about his background and conduct. *See* Doc. #1 at 5. But Scott's motion altogether fails to identify any of the adverse information that he believes his counsel should have challenged, much less has he done anything to show that any of the information adduced by the Government was inaccurate or improper for the Court to consider at sentencing. Moreover, Scott's claim that his counsel failed to challenge adverse information is

2

refuted by the mountain of contrary evidence cited by the Government in its opposition memorandum. *See* Doc. #4 at 17-19. Scott has failed to make a substantial or plausible showing that his counsel failed to challenge adverse information at sentencing or that any such challenge would have made a difference to the sentence imposed.

Third, Scott argues that his counsel was ineffective by failing to object to the Government's decision not to file a motion for an additional 1-level reduction on the ground of Scott's acceptance of responsibility. Doc. #1 at 6-7; *see also* U.S.S.G. § 3E1.1(b). This claim obviously lacks merit for all the reasons stated by the Government in its opposition memorandum. *See* Doc. #4 at 19-22. Indeed, notwithstanding the fact that Scott waited until the eve of trial to enter his plea of guilty, his counsel did in fact challenge the lack of an additional 1-level reduction. Moreover, even if the Court had granted an additional 1-level reduction, the Sentencing Guidelines range was advisory, and an additional 1-level reduction would have made no difference to the ultimate sentence that the Court imposed.

For the foregoing reasons, the motion for post-conviction relief pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 11th day of September 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge