UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELKUAN SCOTT,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:17-cv-01317 (JAM)

## ORDER DENYING MOTION WITHOUT PREJUDICE TO FILING OF MOTION FOR RECONSIDERATION

Petitioner has filed a document titled "Motion to Make Additional Findings Motion to Alter/Amend Pursuant to Fed. R. Civ. Pro. 52(b), (59)(e)." Doc. #6. Petitioner contends that the Court violated his due process rights by ruling promptly after the Government filed its response to petitioner's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The Court does not agree. Pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings, "the moving party *may* submit a reply to the respondent's answer or other pleading within a time fixed by the judge." (emphasis added). The plain language of this rule does not *require* a judge to allow a party to file a reply. *See Simmons v. United States*, 2014 WL 4628700, at *1-2 (E.D.N.Y. 2014); *see also Bell v. United States*, 2015 WL 4561837, at *3 (D. Md. 2015) (noting that "the rules governing § 2255 motions suggest that reply briefs are permitted but not required, and Petitioner has not identified any source of law to support his contention that disposition without a reply constitutes a due process violation").

It was petitioner's decision in this case to file a motion for post-conviction relief that contained very little detail and that made frivolous assertions of wrongdoing that are refuted by the record in this case for all the reasons comprehensively set forth by the Government in its response (Doc. #4) and by the Court in its ruling (Doc. #5). Petitioner was not entitled to file a bare-bones motion for § 2255 relief, wait for the Government's response, and only then decide to elicit facts and argument in a reply brief that should have been properly presented in the first instance in his § 2255 motion.

It is notable as well that petitioner's most recent motion does nothing but complain that he did not have an opportunity to file a reply. He fails to identify any of the arguments that he would made in a reply brief, much less to describe any reason why the Court's ruling was in error. If petitioner believes that there are grounds that the Court overlooked in its ruling, petitioner may file by October 20, 2017, a motion for reconsideration of the Court's ruling denying his § 2255 motion.

It is so ordered.

Dated at New Haven this 26th day of September 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge